# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50281

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 21, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JA MAR MICHAEL HARDY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order relinquishing jurisdiction and reducing sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Ja Mar Michael Hardy entered an *Alford*[1] plea to domestic violence or battery, Idaho Code §§ 18-918(2), 18-903(a). The district court imposed a unified term of ten years with two years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction but reduced Hardy's sentence to a unified period of eight years and 670 days with 670 days determinate and credit for time served. Hardy appeals, claiming that the district court erred by relinquishing jurisdiction or, alternatively, by failing to reduce the indeterminate portion of his sentence.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hardy has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Hardy also contends that his sentence is excessive and constitutes an abuse of discretion as the court should have further reduced his sentence upon relinquishing jurisdiction. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and reducing Hardy's sentence is affirmed.